STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss.                                   CIVIL ACTION
                                                  DOCKET NO. RE-05-088

                                    *
NEW ENGLAND BARBEQUE              *
VENTURES, LLC,                   *
                                    *
                        Plaintiff   *
            v.                      *              **ORDER**
                                    *
1140 BRIGHTON AVENUE             *
ASSOCIATES, INC.,                 *
                                    *
                        Defendant   *
                                    *

        This case comes before the Court on Defendant 1140 Brighton Avenue

Associates' Motion to Dismiss based on a violation of the Statute of Frauds, and

Plaintiff New England Barbeque Ventures' Motion to Amend its Complaint.

## FACTUAL BACKGROUND

        New England Barbeque Ventures, LLC, (Plaintiff) and 1140 Brighton

Avenue Associates, Inc, (Defendant) engaged in negotiations to secure a

commercial lease. Plaintiff intended to lease the premises to establish a franchise

(Famous Dave's). Plaintiff asserts that Defendant essentially made an oral

promise to sign the lease. In reliance on that promise, Plaintiff purchased

franchise rights for $100,000 and completed a site inspection to submit to the

franchisor. In the end, however, the lease was never signed.

        On July 14, 2005, Plaintiff filed a complaint with a draft of the unsigned

lease attached. The original complaint seeks specific performance for a breach of

contract (Count I), and damages due to lost business opportunities (Count II).

On August 5, 2005, Defendant filed a motion to dismiss. On August 26, 2005,

Plaintiff filed a motion to amend its complaint to include a count of reliance

(Count III). On the same day, Plaintiff also filed its opposition to Defendant's motion to dismiss. In that opposition, Plaintiff included facts that were not asserted in the complaint or the amended complaint.[1]

## DISCUSSION

Defendant argues that Plaintiff's complaint should be dismissed because if in fact the parties entered into an oral agreement to lease the property, the agreement cannot be performed in one year, and thus falls within the statute of frauds. As such, because the agreement is not in writing and signed, Defendant argues, it is in violation of the statute of frauds and Plaintiff's claim must fail. Plaintiff argues, however, that this oral agreement falls within the exception to the statute of frauds based on the part-performance doctrine.

When the Court decides a motion to dismiss made pursuant to M.R. Civ. P. 12(b)(6), "the material allegations of the complaint must be taken as admitted." *Moody v. State Liquor & Lottery Comm'n*, 2004 ME 20, ¶ 7; 843 A.2d 43, 47. The complaint is then examined "in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory.'" *Napieralski v. United Church of Greater Portland*, 2002 ME 108, ¶ 4, 802 A.2d 291, 392. The Court may consider extraneous documents attached to the pleadings that are central to the plaintiff's claim. *Moody v. State Liquor & Lottery Comm'n*, 2004 ME 20, ¶ 10,

---

[1] The additional facts in the opposition to the motion to dismiss are as follows:
   a) The parties drafted and sent a letter of intent to be bound by and negotiate in good faith toward the final lease.
   b) Defendant expressly agreed to all the terms of the lease.
   c) Defendant represented to Plaintiff that it would sign the lease.
   d) Defendant asked Plaintiff to take occupancy immediately instead of waiting until September 2005.

2

843 A.2d 43, 48.

It is clear that the oral agreement to enter into the ten-year lease is within the statute of frauds and must be in writing and signed to comply with the statute of frauds. 33 M.R.S.A. § 51(5) (1999) (statute of frauds).[2] What is unclear is whether despite the violation of the statute of frauds, the lease may be enforced due to the part-performance doctrine. Maine recognizes the part-performance doctrine in the context of oral contracts to purchase real property. *Sullivan v. Porter*, 2004 ME 134, ¶ 10, 861 A.2d 625, 630.[3] However, whether or not this doctrine applies in the context of oral promises to lease property presents an issue of first impression.

The Restatement (Second) of Property addresses this issue on point.

A lease made invalid by the Statute of Frauds will be given no effect unless:

(1) possession is taken, in which case a tenancy at will is created;

---

[2] Maine's statute of frauds provides, in relevant part, that

> no action shall be maintained . . . upon any agreement not to be performed within one year. . . unless the promise, contract or agreement on which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith, or by some person thereunto lawfully authorized; but the consideration thereof need not be expressed therein, and may be proved otherwise.

33 M.R.S.A. § 51(5) (1999).

[3] "The part performance doctrine requires the party seeking to enforce the contract to establish both that she acted in partial performance of her contractual duties and that the other party made misrepresentations that induced that partial performance. Thus, to remove the contract from the operation of the statute of frauds pursuant to this doctrine, the party seeking to enforce the contract must establish by clear and convincing evidence (1) that the parties did enter into a contract; (2) that the party seeking to enforce the contract partially performed the contract; and (3) that the performance was induced by the other party's misrepresentations, which may include acquiescence or silence." Sullivan v. Porter, 2004 ME 134, ¶ 11, 861 A.2d 625, 630 (citations omitted).

3

> (2) possession is taken and rent is paid and accepted as provided under the lease, in which case, without more, a periodic tenancy is created with all the terms of the lease except duration; or
>
> (3) the parties to the lease undertake substantial performances which are clearly referable to the terms of the lease, in which case the lease is given full effect.

Restatement (Second) of Property (Landlord and Tenant), 1977

In this case, Plaintiff never had possession of the property and never paid rent. The only question is whether the parties to the lease undertook substantial performances that clearly refer to the terms of the lease. Plaintiff claims that in reliance on the promise to lease, it performed by buying rights to a franchise and by surveying the site as required by the franchisor. However, in examining the terms of the draft lease, these performances were not part of the agreement under the lease.[4]

Even if Maine's part-performance doctrine were to apply to this case, Plaintiff has not alleged that it partially performed the contract at issue. The Law Court has upheld a defense of partial performance where a buyer of real estate takes possession of the property, makes extensive repairs to the structure, and partially pays the seller. *Sullivan*, 2004 ME 134, ¶ 18, 861 A.2d 632. By contrast, Plaintiff has not taken possession of the property, made improvements to the property, or paid rent. The only thing Plaintiff alleges is that it partially performed its contract with the franchisor to purchase the franchise rights.

This is simply a case where two parties came very close to negotiating a

---

[4] The drafted lease states in section 21.07 that it is subject to the franchisor's approval of site within 30 days upon the full execution of the lease. Because this document is merely a draft and not signed by the parties, it is questionable whether it is central to the claim and whether the Court should look at it at all.

4

lease, but where a final meeting of the minds to secure the lease fell apart. Unfortunately, the party seeking to be the lessee acted too soon with another third party in reliance on the expectation that the lease would come through.

Defendant's motion to dismiss is GRANTED.

Plaintiff's motion to amend its complaint is DENIED.

DATE: _____

_____
Justice, Superior Court

JEFFREY BENNETT ESQ
PO BOX 7799
PORTLAND ME 04112

CHAD ALLEN CLOUTIER ESQ
247 COMMERCIAL STREET BOX 515-3
ROCKPORT ME 04856-5964